UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **THE PREGNANCY CARE CENTER OF ROCKFORD; THE DIOCESE OF SPRINGFIELD IN ILLINOIS,** | Case No.: 3:25-cv-50127 |
| Plaintiffs, | Hon. Rebecca R. Pallmeyer |
| v. | |
| **JAMES BENNETT**, in his official capacity as Director of the Illinois Department of Human Rights; **KWAME RAOUL**, in his official capacity as Illinois Attorney General, | **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>**Oral Argument Requested** |
| Defendants. | |

Plaintiffs The Pregnancy Care Center of Rockford ("PCC of Rockford") and The Diocese of Springfield in Illinois ("Diocese of Springfield") move this Court under Fed. R. Civ. P. 65 to issue a preliminary injunction. In support of their motion, Plaintiffs state as follows:

1. Plaintiffs are religious organizations whose missions include speaking and acting to oppose anti-reproductive decisions that violate their religious beliefs, including abortion, sterilization, contraception, and treatments that discard innocent human life.

2. Plaintiffs employ individuals who represent their organizations and advance their religious missions through word and deed, engaging in critical work to save the lives of unborn children, counsel struggling families, and promote God's life-affirming plan for reproduction and marriage.

3. Plaintiffs have open employment positions that they seek to fill immediately with individuals who affirm and abide by their mission-critical beliefs regarding reproduction and marriage.

4. But the Illinois Human Rights Act ("Act"), as recently amended by H.B. 4867 (the "New Bill"), dictates how Plaintiffs must speak and act regarding employees' voluntary reproductive decisions like abortion, contraception, and sterilization. *See* 775 ILL. COMP. STAT. ANN. § 5/1-102(A).

5. The Act subjects Plaintiffs to charges of discrimination if they enforce their faith-based policies to refuse to hire, discipline, or separate from employees who undermine their mission and contradict their message by making objectionable reproductive decisions. *Id.* § 5/2-102(A).

6. The Act subjects Plaintiffs to liability if they refuse employee requests to facilitate objectionable reproductive decisions. *Id.* § 5/2-102(J).

7. The Act subjects Plaintiffs to charges of "harassment" if they engage in religious speech and conduct about reproduction that an applicant or employee considers "unwelcome" or "offensive." *Id.* §§ 5/2-102(A) & 5/2-101(E-1).

8. The Act subjects Plaintiffs to charges of discrimination in the terms of employment if they offer benefits for reproductive care but deny benefits for objectionable anti-reproductive decisions like abortion, sterilization, and contraception. *Id.* § 5/102(A).

9. State officials publicly boast that the Act's new requirements go far beyond protecting immutable characteristics, leveraging the power of government to promote a secular view of reproduction contrary to Plaintiffs' religious beliefs.

10. Plaintiffs are likely to succeed on the merits of their claims that the Act violates Plaintiffs' constitutional rights to expressive association, the free exercise of religion, religious autonomy, and free speech.

11. Plaintiffs will suffer irreparable harm without an injunction. Plaintiffs already suffer constitutional injuries, chilling their intended speech because of the Act's new requirements. Because Plaintiffs currently maintain many employees and are actively recruiting applicants for open positions, the Act puts them to an impossible—and unconstitutional—choice between following their religious convictions or obeying the law.

12. The balance of equities and public interest also favor an injunction. The State has no legitimate governmental interest in enforcing an unconstitutional law, and the State will suffer no prejudice by accommodating Plaintiffs' religious beliefs when the Act affords many secular exemptions.

13. Plaintiffs have no other adequate remedy at law. Only an injunction can halt ongoing constitutional violations and prevent prospective violations.

14. This motion is supported by the Verified Complaint and its exhibits (ECF No. 1), and the Memorandum in Support with its exhibits.

15. Counsel for Plaintiffs notified Defendants of this motion and made a good-faith effort to resolve this dispute but were unable to do so. Defendants oppose this motion.

WHEREFORE, Plaintiffs respectfully request that the Court enter a preliminary injunction enjoining Defendants from investigating or otherwise enforcing the Act against Plaintiffs related to Plaintiffs' speech and conduct about reproductive decisions.

Respectfully submitted this 25th day of April, 2025.

s/ David Cortman

Mark Lippelmann, AZ Bar No. 036553*
  mlippelmann@ADFLegal.org
Ryan Tucker, AZ Bar No. 034382*
  rtucker@ADFLegal.org
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020

David Cortman, N.D. Ill. Bar No. 188810
  dcortman@ADFLegal.org
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd NE,
Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774

Whitman H. Brisky, IL Bar No. 1665634
 wbrisky@mauckbaker.com
MAUCK & BAKER, LLC
1 North LaSalle Street, Ste. 3150,
Chicago, IL 60602
(312) 726-1243

*Attorneys for Plaintiffs*
*\*Pro Hac Vice Application Pending*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 25, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

                                                        s/ David Cortman
                                                        David Cortman