**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION**

The Pregnancy Care Center of Rockford and the Diocese of Springfield in Illinois,

Plaintiffs,

v.

James Bennett, in his official capacity as Director of the Illinois Department of Human Rights, and Kwame Raoul, in his official capacity as Illinois Attorney General,

Defendants.

No. 3:25-cv-50127
Hon. Rebecca R. Pallmeyer

**DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER RULES 12(b)(1) AND 12(b)(6)**

Defendants James Bennett, Director of the Illinois Department of Human Rights, and Kwame Raoul, Illinois Attorney General, respectfully move under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for dismissal of Plaintiffs' Complaint (ECF 1). In the alternative, Defendants request the opportunity to conduct jurisdictional discovery into Plaintiffs' standing. In support of this motion, Defendants incorporate their Memorandum of Law[1] by reference and state as follows:

1. Plaintiffs, two religiously-motivated organizations, brought this pre-enforcement challenge to the Illinois Human Rights Act (775 ILCS 5/1-5/10) ("the Act") as amended in 2024 (Ill. Pub. Act 103-785) ("the Amendments") because of their wish to discriminate based on an employee or job applicant's reproductive health decisions.

[1] By agreement of all parties and the Court (ECF 38), Defendants' Memorandum of Law is combined with Defendants' Response to Plaintiffs' Motion for a Preliminary Injunction.

2. Plaintiffs lack standing to bring this pre-enforcement challenge under Rule 12(b)(1) because they did not plausibly allege that they are likely to engage in conduct proscribed by the Act. Plaintiffs' own pleaded facts about their hiring and employment practices demonstrate that they are unlikely to (1) hire someone who makes a reproductive health decision with which they disagree, (2) find out about that employee's decision, and (3) actually take action against that employee that would violate the Act.

3. Plaintiffs' objections to the Act's notice requirement also do not create an Article III injury because the Amendments did not change this requirement, and Plaintiffs do not allege that they failed to comply with the Act prior to the Amendments.

4. Plaintiffs further lack standing under Rule 12(b)(1) because they did not plausibly allege that complying with the Amendments would cause them harm that rises to the level of an injury in fact. The harms that Plaintiffs assert are abstract and purely speculative.

5. Finally, Plaintiffs lack standing under Rule 12(b)(1) because their claims are prudentially unripe. The implausible chain of possibilities about their employees and their health decisions on which the Complaint is based renders this case unfit for judicial decision at this time.

6. The Complaint should also be dismissed under Rule 12(b)(6) because it failed to plausibly plead that the Act as amended violates Plaintiffs' rights under the First or Fourteenth Amendments to the Constitution.

7. Plaintiffs' expressive association claim should be dismissed because this right does not extend to employment decisions and the Complaint did not plausibly allege that compliance with the Act would affect Plaintiffs' ability to advocate their views.

8. Plaintiffs cannot state a Free Speech claim because employment decisions are not expressive and thus are unprotected under the Free Speech Clause. Further, Plaintiffs did not

demonstrate that the Act's provisions prohibiting harassment infringe on their Free Speech rights because laws prohibiting discriminatory harassment of employees do not impermissibly restrict speech. Lastly, Plaintiffs' challenge to the Act's notice requirement fails because the required notices are commercial speech. Regulation of commercial speech is subject only to rational basis review, which the Amendments satisfy.

9. The Complaint did not state a Free Exercise or Equal Protection claim on which relief can be granted because the Act is neutral and generally applicable. It also did not plausibly show discriminatory intent toward religious employers in passage of the Amendments.

10. Finally, Count III failed to state a claim on which relief can be granted as none of the First Amendment principles on which Plaintiffs rely to support this claim provide categorical immunity to anti-discrimination laws like the Act.

11. For these reasons and those stated in Defendants' Memorandum of Law, the Court should dismiss the Complaint (ECF 1) under Rules 12(b)(1) and 12(b)(6). In the alternative, the Court should order expedited jurisdictional discovery into Plaintiffs' standing to assert a pre-enforcement challenge to the Act.

Dated: May 30, 2025

*/s/ Emily Hirsch*

Karyn L. Bass Ehler
Holly F.B. Berlin
Emily Hirsch
Sarah Gallo
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
312-814-3000
karyn.bassehler@ilag.gov
holly.berlin@ilag.gov
emily.hirsch@ilag.gov
sarah.gallo@ilag.gov

*Counsel for Defendants*